UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENDA H.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 2:19-CV-00108-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

On April 1, 2019, Defendant filed the Administrative Record-Answer. Dkt. 6. That same day, the Court entered a Scheduling Order, which directed Plaintiff to file an opening brief on April 29, 2019 and directed Defendant to file a response brief on May 28, 2019. Dkt. 7. Plaintiff filed her Opening Brief on April 29, 2019. Dkt. 8. Defendant moved for an extension of time to file the response brief; the Court granted Defendant's motion and directed Defendant to file the

response brief on or before June 28, 2019. Dkt. 9-11. Plaintiff's reply brief was due by July 12, 2019. *See* Dkt. 11. Defendant has not filed a response brief.

In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly consider: (1) Step 5; (2) the medical opinion evidence; (3) Plaintiff's subjective symptom testimony; and (4) lay witness testimony. Dkt. 8. As Defendant has not responded to Plaintiff's arguments, the Court finds Defendant has conceded harmful error. *See Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013) (construing the Commissioner's failure to respond to an argument as a concession that the plaintiff's argument has merit and finding the "Court will not manufacture a defense on the Commissioner's behalf where Plaintiff has identified an at least plausible error"); *Johnny T. v. Berryhill*, 2019 WL 2866841, at *2 (D. Or. July 2, 2019) (finding "the Commissioner's failure to substantively respond to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those issues"). Therefore, this case is reversed and remanded for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the Administrative Law Judge shall re-evaluate the entire case. When re-evaluating this case, the ALJ shall:

- Re-evaluate the medical opinion evidence, including evidence related to the period prior to Plaintiff's amended onset date and the medical opinions of Drs. Kara Warden, Carolyn Marquardt, Kristen Sherman, and Ms. Marne Fox-Barrow;
- Re-evaluate Plaintiff's subjective symptom testimony;
- Re-evaluate the lay witness testimony, including Plaintiff's husband's testimony; and

- Complete the remaining steps of the sequential evaluation process, including re-evaluating Step 5 in light of Plaintiff's age.

Dated this 17th day of July, 2019.

*David W. Christel*
David W. Christel
United States Magistrate Judge